IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge S. Kato Crews

Civil Action No. 1:23-cv-01194-SKC-SBP

JEAN-JOSEPH LECHIFFRE,

      Plaintiff,

v.

CY GILLESPIE, *et al.*,

      Defendants.

---

## ORDER

---

    This case arises from Plaintiff Jean-Joseph LeChiffre's allegations of unconstitutional conditions of confinement when he was a pretrial detainee in the El Paso County Criminal Justice Center (CJC). Dkt. 1. Plaintiff asserts claims against five officers at the CJC as well as Michael J. Allen, the District Attorney who prosecuted Plaintiff in his underlying criminal case, wherein he was charged and convicted of first-degree murder. *Id.*[1]

---

[1] In her recommendation, Judge Prose took judicial notice of Plaintiff's state court criminal proceedings, *People v. LeChiffre*, Case No. 202CR004790 (El Paso County District Court). This Court does the same. *See United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007) (The Court may "take judicial notice of publicly-filed records in our court and certain other courts concerning matters that bear directly upon the disposition of the case at hand."); *see also St. Louis Baptist Temple v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir.1979) ("[I]t has been held that federal courts, in appropriate circumstances, may take notice of proceedings in other

According to Plaintiff's allegations, during the entire time he was a pretrial detainee in the CJC, Defendants carried out "policies and procedures" of torture and inhumane treatment, "designed to punish pretrial detainees, break down pretrial detainees, and to deprive those who have not accepted a plea, or who are contesting the charges, of a healthy body and mind, and in doing so, foster . . . incompetency to assist in the defense of their criminal cases." *Id*. at 23-25. Plaintiff further alleges Mr. Allen encouraged or condoned this conduct to pressure Plaintiff to plead guilty. As a result of Defendants' actions, Plaintiff contends he was "fully incompetent to assist his counsel in his defense and incompetent to avail himself of the rights afforded to [him] by the US Constitution, including the effective assistance of counsel." *Id*. at 22-23, ¶158.

The Complaint asserts claims under 42 U.S.C. § 1983 and 42 U.S.C. § 1985 and contends the Defendants violated his Eighth Amendment rights—as applied to him via the Fourteenth Amendment—and the United Nations Convention Against Torture and Other Cruel, Inhumane, or Degrading Treatment or Punishment. Defendants filed a partial Motion to Dismiss and an Answer on behalf of Deputy Jessica Riley. Dkts. 25, 26.

---

courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.") A jury convicted Plaintiff on June 6, 2022, and at the time Judge Prose issued her recommendation, his direct appeal was pending in the Colorado Court of Appeals. *See People v. LeChiffre*, Case No. 2022CA1270. This Court has confirmed the appeal remains pending.

Prior to filing his Response to the Motion to Dismiss (Dkt. 35), Plaintiff requested permission to file an amended complaint. Dkt. 32. In his proposed pleading, Plaintiff seeks to add new allegations, 39 unidentified "Doe" defendants, and new claims under the First and Sixth Amendments. What remains the same, however, is Plaintiff's ultimate conclusion that because of Defendants' actions, he was incompetent to stand trial and was deprived of the right to effective assistance of counsel. Dkt. 32-3 at p.26, ¶254. Defendants opposed Plaintiff's request to amend. Dkt. 34.

The Court referred these matters to Magistrate Judge Susan B. Prose, and on March 26, 2024, Judge Prose issued her Recommendation that this case be dismissed in its entirety and Plaintiff's Motion to Amend be denied as futile. Dkt. 51. Plaintiff has objected, and Defendants have responded accordingly. Dkts. 53, 58.

Having reviewed the Complaint, Motions, Recommendation, and relevant briefing on these matters, the Court agrees with Judge Prose's thorough and well-reasoned conclusion that this case is barred by *Heck v. Humphrey,* 512 U.S. 477 (1994). Consequently, the Court AFFIRMS and ADOPTS the Recommendation.

## LEGAL STANDARDS

"'The filing of objections to a [magistrate judge's] report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute,' and gives the district court an opportunity 'to correct any errors immediately.'" *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1059 (10th

Cir. 1996) (cleaned up; citations omitted). "[O]nly an objection that is sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute will advance the policies behind the [Magistrates] Act . . . ," including judicial efficiency. *Id.* at 1060. "[A]llowing parties to litigate fully their case before the magistrate [judge] and, if unsuccessful, to change their strategy and present a different theory to the district court would frustrate the purpose of the Magistrates Act." *Cole v. New Mexico*, 58 F. App'x 825, 829 (10th Cir. 2003) (unpublished) (citation omitted).

The Court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review." *One Parcel*, 73 F.3d at 1060; *see also* Fed. R. Civ. P. 72(b)(2). "Objections disputing the correctness of the magistrate judge's recommendation, but failing to specify the findings believed to be in error are too general" and may result in a waiver of the objections. *Kazarinoff v. Wilson*, No. 22-cv-02385-PAB-SKC, 2024 WL 98385, at *2 (D. Colo. Jan. 9, 2024) (quoting *Stamtec, Inc. v. Anson*, 296 F. App'x 518, 520 (6th Cir. 2008) (unpublished)). And "issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *ClearOne Commc'ns, Inc. v. Biamp Sys.*, 653

F.3d 1163, 1185 (10th Cir. 2011) (cleaned up) (quoting *Marshall v. Chater*, 75 F.3d 1421, 1426-27 (10th Cir. 1996)).

When no party files an objection, the district court may review a magistrate judge's recommendation under any standard it deems fit. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985). ("It does not appear that Congress intended to require district court review of a [magistrate judge's] factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). In the absence of specific or any objections, the district court reviews the recommendation to satisfy itself that there is "no clear error on the face of the record." Fed. R. Civ. P. 72(b), 1983 Advisory Committee Notes. This standard of review is something less than a "clearly erroneous or contrary to law" standard, which in turn is less than a *de novo* review. *See* Fed. R. Civ. P. 72(a) and (b).

## ANALYSIS

Prior to addressing the merits of the partial motion to dismiss, Judge Prose correctly observed that this Court has an independent duty to consider whether it has subject matter jurisdiction over the case. She concluded this case was barred by the Supreme Court holdings in both *Younger v. Harris*, 401 U.S. 37 (1971) and *Heck v. Humphrey*, 512 U.S. 477 (1994).[2] She also concluded that, even if the Court had

---

[2] Defendants did not argue *Younger* abstention or the *Heck* doctrine, but in their response to Plaintiff's objections, they agree with Judge Prose's analysis and support dismissal under these alternative bases. *See* Dkt. 58.

jurisdiction, all Movants would be entitled to qualified immunity on Plaintiff's claims and District Attorney Allen would be entitled to absolute prosecutorial immunity. Dkt. 51.

The Recommendation advised the parties they had 14 days after service of the Recommendation to serve and file specific written objections to it for this Court's consideration, citing 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). Plaintiff filed limited objections within the 14-day period. He did not address Judge Prose's analysis of Defendants' Motion, but rather focused solely on her sua sponte recommendations regarding *Younger* and *Heck*. As a result, he has waived *de novo* review of those parts of the Recommendation to which he did not raise specific or any objections. *Thomas*, 474 U.S. at 148-53.

### 1.   *Heck v. Humphrey,* 512 U.S. 477 (1994).

In *Heck,* the Supreme Court held that in a civil rights case seeking damages under 42 U.S.C. § 1983, "the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of [an existing] conviction or sentence." *Id.* at 487. A claim which, if successful, results in this implication is not cognizable under § 1983. *Id*. at 486-88. To recover damages, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Id.* at 486-87.

A claim implicates *Heck* "only as it relates to the conviction that it would be directly invalidating." *Butler v. Compton*, 482 F.3d 1277, 1279 (10th Cir. 2007). Thus, in *Heck*, the plaintiff's § 1983 claim alleging the defendants had "engaged in an unlawful, unreasonable, and arbitrary investigation leading to" his arrest, and knowingly destroyed exculpatory evidence, was found to directly implicate the validity of the plaintiff's conviction for manslaughter. *Heck*, 512 U.S. at 479, 486-87. *Cf. Butler*, 482 F.3d at 1280 (*Heck* did not apply because plaintiff's § 1983 claim did not challenge conduct related to his conviction on three burglary charges to which he pleaded guilty, but rather, to conduct during his arrest for other burglary charges that were dismissed).

### 2.    Discussion

With respect to the *Heck* doctrine, Plaintiff expends much time discussing when claims are exempt from the doctrine, but he doesn't explain how any exemptions apply in his case. Dkt. 53 at pp.12-14. And the Court finds no exemptions apply because, as Judge Prose observed, Plaintiff alleges Defendants' actions rendered him incompetent to assist with his criminal defense and deprived him of the right to effective assistance of counsel. These allegations and his theory of the case suggest his criminal conviction was obtained in dereliction of the Constitution. *See Drope v. Missouri*, 420 U.S. 162, 171 (1975) ("It has long been accepted that a person whose mental condition is such that he lacks the capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in

preparing his defense may not be subjected to a trial."); *Lee v. United States*, 582 U.S. 357, 363 (2017) ("The Sixth Amendment guarantees a defendant the effective assistance of counsel at critical stages of a criminal proceeding."). Were Plaintiff to prevail under these allegations, the validity of his criminal conviction would be directly implicated. Consequently, Plaintiff's claims fall squarely within the holding of *Heck*.

Plaintiff's only specific objection to Judge Prose's *Heck* analysis is that the doctrine applies exclusively to claims brought under 42 U.S.C. § 1983, and therefore, it does not bar his claims under 42 U.S.C. § 1985 and the Convention Against Torture. The Court overrules this objection.

First, while Plaintiff is correct that *Heck* does not bar claims brought under the Convention Against Torture, it is not for the reason he thinks. Rather, it is because "the provisions of that treaty are not self-executing and do not create a private right of action." *Richardson v. Blevins*, No. 21-CV-02285, 2021 WL 4291014, at *1 (D. Colo. Sept. 21, 2021) (citing *Renkel v. United States*, 456 F.3d 640 (6th Cir. 2006)). Thus, with or without *Heck*, this claim must be dismissed.

Regarding § 1985, although *Heck* implicated only § 1983, the doctrine has since expanded, and the Tenth Circuit has specifically noted that "*Heck* should apply 'when the concerns underlying *Heck* exist,' which include 'those claims that would necessarily imply the invalidity of [the] conviction.'" *Lawson v. Engleman*, 67 F. App'x 524, 526 n.2 (10th Cir. 2003) (quoting *Beck v. Muskogee Police Dep't*, 195 F.3d 553,

8

557 (10th Cir. 1999)). To be sure, the Tenth Circuit has specifically applied the doctrine to claims of conspiracy to interfere with civil rights. *Lawson*, 67 F. App'x at 525-26; *Rollins v. Fisch*, 696 F. App'x 856, 857 (10th Cir. 2017); *see also Neill v. Teeter*, No. 23-3143-JAR, 2023 WL 4104786, at *4 (D. Kan. June 21, 2023) (Section 1985 conspiracy claim would necessarily imply the invalidity of criminal conviction, and therefore, was barred by *Heck*). Thus, the Court agrees with Judge Prose that Plaintiff's claims must be dismissed.

Finally, Plaintiff's request to amend his complaint would be futile because it, like the operative pleading, seeks to challenge the validity of his underlying conviction. And as of the time of this drafting, Plaintiff's appeal was still pending before the Colorado Court of Appeals. Without demonstrating that "the conviction . . . has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus," the proposed claims are barred. *Crow v. Penry*, 102 F.3d 1086, 1087 (10th Cir. 1996).[3]

*    *    *

For the reasons shared above, the Court OVERRULES Plaintiff's Objections to the Recommendation. The Court AFFIRMS and ADOPTS Judge Prose's sua sponte Recommendation and ORDERS:

---

[3] Because the Court's conclusion in this regard disposes of the entire case, it does not address the remainder of Plaintiff's objections or Judge Prose's analysis and recommendations.

1. All of Plaintiff's claims are dismissed without prejudice because they are barred by *Heck v. Humphrey,* 512 U.S. 477 (1994).

2. Defendants' Motion to Dismiss (Dkt. 25) is DENIED AS MOOT.

3. Plaintiff's Motion to Amend (Dkt. 32) is DENIED.

4. The Clerk of the Court shall enter judgment for Defendants on Plaintiff's claims and shall terminate this action.

DATED: September 23, 2024.

BY THE COURT:

S. Kato Crews
United States District Judge